# Exhibit A

# Chart of Expedited Requests for Production to Defendant Qu

Expedited Requests for Production to Defendant Qu

| Expedited Requests for Production to Defendant Qu | Defendant Qu's Response | Plaintiff's Proposed Compromise | Defendant Qu's Proposed Compromise | For Court Use |
|---|---|---|---|---|
| 1. All DOCUMENTS AND THINGS that originated from YOUR employment with PLAINTIFF, including but not limited to all copies and duplicates thereof. | Defendant objects to the terms "originated from" as vague and ambiguous. Defendant further objects to this request as it is overbroad as to time. Defendant also objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculat ed to lead to the discovery of admissible evidence, especially to the extent it seeks items or information beyond the scope of the schedule entered by the Court for purposes of expedited discovery. Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Defendant is willing to meet and confer regarding the scope of this Interrogatory. Further, any items that may be | Defendant Qu produces documents based on the agreed-upon search terms within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

1

| | | | | |
|---|---|---|---|---|
| | responsive to this request would be located on Defendant's laptop. The Parties are currently discussing the retention of a forensic vendor to search said laptop, which will impact the scope of this request. | | | |
| 2. All DOCUMENTS AND THINGS REFERRING OR RELATING TO any file, document, record, text message, email, or tangible item that originated from YOUR employment with PLAINTIFF. | Defendant objects to the terms "originated from" as vague and ambiguous. Defendant further objects to this request as it is overbroad as to time. Defendant also objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence, especially to the extent it seeks items or information beyond the scope of the schedule entered by the Court for purposes of expedited discovery.<br><br>Subject to and incorporating its General Objections and | Defendant Qu produces documents based on the agreed-upon search terms within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

2

| | | | | |
|---|---|---|---|---|
| | its specific objections, Defendant responds as follows: Defendant is willing to meet and confer regarding the scope of this Interrogatory. Further, any items that may be responsive to this request would be located on Defendant's laptop. The Parties are currently discussing the retention of a forensic vendor to search said laptop, which will impact the scope of this request. | | | |
| 3. All COMMUNICATIONS REFERRING OR RELATING TO any file, document, record, text message, email, or tangible item that originated from YOUR employment with PLAINTIFF. | Defendant objects to the terms "originated from" as vague and ambiguous. Defendant further objects to this request as it is overbroad as to time. Defendant also objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent it seeks items or information beyond the scope of the schedule entered by the | Defendant Qu produces documents based on the agreed-upon search terms within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery | |

3

| | | | | |
|---|---|---|---|---|
| | Court for purposes of expedited discovery. | | responses within 30 days. | |
| | Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Defendant is willing to meet and confer regarding the scope of this Interrogatory. Further, any items that may be responsive to this request would be located on Defendant's laptop. The Parties are currently discussing the retention of a forensic vendor to search said laptop, which will impact the scope of this request. | | | |
| 4. All DOCUMENTS AND THINGS REFERRING OR RELATING TO any transmission, conveyance, or disclosure of any file, document, record, text message, email, or tangible | Defendant objects to the terms "originated from" as vague and ambiguous. Defendant further objects to this request as it is overbroad as to time. Defendant also objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to | Defendant Qu produces documents based on the agreed-upon search terms within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. | |

4

| item that originated from YOUR employment with PLAINTIFF to any THIRD PARTY. | lead to the discovery of admissible evidence, especially to the extent it seeks items or information beyond the scope of the schedule entered by the Court for purposes of expedited discovery.<br><br>Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Defendant is willing to meet and confer regarding the scope of this Interrogatory. Further, any items that may be responsive to this request would be located on Defendant's laptop. The Parties are currently discussing the retention of a forensic vendor to search said laptop, which will impact the scope of this request. | | Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

5

| | | | | |
|---|---|---|---|---|
| 5. All DOCUMENTS AND THINGS REFERRING OR RELATING TO any use of any file, document, record, text message, email, or tangible item that originated from YOUR employment with PLAINTIFF. | Defendant objects to the terms "originated from" as vague and ambiguous. Defendant further objects to this request as it is overbroad as to time. Defendant also objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent it seeks items or information beyond the scope of the schedule entered by the Court for purposes of expedited discovery. Defendant objects to this interrogatory because this request is so broad, uncertain, and unintelligible as to the term "use" that the Defendant cannot determine the nature of the information sought.<br><br>Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Defendant is | Defendant Qu produces documents based on the agreed-upon search terms within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

6

|  | willing to meet and confer regarding the scope of this Interrogatory. Further, any items that may be responsive to this request would be located on Defendant's laptop. The Parties are currently discussing the retention of a forensic vendor to search said laptop, which will impact the scope of this request. |  |  |  |
|---|---|---|---|---|