# Exhibit B

# Chart of Expedited Interrogatories to Defendant Qu

Expedited Interrogatories to Defendant Qu

| Expedited Interrogatories to Defendant Qu | Defendant Qu's Response | Plaintiff's Proposed Compromise | Defendant Qu's Proposed Compromise | For Court Use |
|---|---|---|---|---|
| 1. Identify with precision and specificity each file, document, record, text message, email, simulation, or tangible item that originated from or was authored or created in connection with YOUR employment with PLAINTIFF and that YOU possess in YOUR custody or control. | Defendant objects to the terms "originated from" as vague and ambiguous. Defendant objects to the terms "authored" or "created in connection with YOUR employment" as vague and ambiguous. Defendant objects that this Interrogatory is composed of three separate interrogatories. Defendant also objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent it seeks items or information beyond the scope of the schedule entered by the Court for purposes of expedited discovery. Defendant further objects to this interrogatory | Defendant Qu should produce documents and update the response to the interrogatories within two weeks. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

1

| | because this interrogatory is so broad, uncertain, and unintelligible as it contemplates any items whether "authored or created" from anyone, regardless of who is the sender or receiver, and unlimited as to any relevant time period, such that the Defendant cannot determine the nature of the information sought.<br><br>Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Defendant is willing to meet and confer regarding the scope of this Interrogatory. Further, any items that may be responsive to this request would be located on Defendant's laptop. The Parties are currently discussing the retention of a forensic vendor to search said laptop, which will impact the scope of this Interrogatory. | | | |

| | | | | |
|---|---|---|---|---|
| 2. For each item that YOU identified in response to Interrogatory No. 1, identify with precision and specificity the location(s) where each such item resides or has resided since each such item first came into YOUR custody or control, including but not limited to electronic storage locations (such as devices, systems, and/or accounts), physical locations, and locations that are not within YOUR custody or control. | Defendant objects to the terms "originated from" as vague and ambiguous, and Defendant objects to the terms "authored or created in connection with YOUR employment" as vague and ambiguous as set forth in Interrogatory 1. Defendant objects that the Interrogatory is composed of three separate interrogatories. Defendant also objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence especially to the extent it seeks items or information beyond the scope of the schedule entered by the Court for purposes of expedited discovery. No items were identified in Interrogatory No. 1 for the reasons set forth in Defendant's | Defendant Qu should produce documents and update the response to the interrogatories within two weeks. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

3

| | | | | |
|---|---|---|---|---|
| | response to Interrogatory 1. Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Defendant's laptop is in possession with counsel for Defendant. | | | |
| 3. For each item that YOU identified in response to Interrogatory No. 1, identify with precision and specificity every third party (including individuals and/or companies) to whom YOU have transmitted, shared, disclosed, or made accessible any such item. | Defendant objects to the terms "originated from" as vague and ambiguous, and Defendant objects to the terms "authored or created in connection with YOUR employment" as vague and ambiguous as set forth in Interrogatory 1. Defendant objects that the Interrogatory is composed of three separate interrogatories. Defendant also objects to this Interrogatory on the grounds that it is overbroad, unduly | Defendant Qu should produce documents and update the response to the interrogatories within two weeks. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

4

| | | | | |
|---|---|---|---|---|
| | burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. No items were identified in Interrogatory No. 1 for the reasons set forth in Defendant's response to Interrogatory 1.<br><br>Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Defendant's laptop in possession with counsel for Defendant. | | | |
| 4. For each item that YOU identified in response to Interrogatory No. 1, identify with precision and specificity each date and time YOU have accessed, reviewed, or opened any such item. | Defendant objects to the terms "originated from" as vague and ambiguous, and Defendant objects to the terms "authored or created in connection with YOUR employment" as vague and ambiguous and Defendant objects that this Interrogatory is composed of three separate interrogatories as set forth in Interrogatory 1. Defendant objects to the terms "accessed, | Defendant Qu should produce documents and update the response to the interrogatories within two weeks. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

5

| | | | | |
|---|---|---|---|---|
| | reviewed, or opened" as vague and ambiguous. Defendant also objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence especially to the extent it seeks items or information beyond the scope of the schedule entered by the Court for purposes of expedited discovery.<br><br>Defendant further objects as this interrogatory is unlimited as to time such that it contemplates each and every instance Defendant may have "accessed, reviewed, or opened" such items during Defendant's employment which would be impossible for Defendant to determine. Further, no items were identified in Interrogatory No. 1. | | | |

6

| | | | | |
|---|---|---|---|---|
| 5. For each item that YOU identified in response to Interrogatory No. 1, identify with precision and specificity each use YOU have made of any such item. | Defendant objects to the term "originated from" as vague and ambiguous, and Defendant objects to the term "authored or created in connection with YOUR employment" as vague and ambiguous, and Defendant objects that it is composed of three separate interrogatories as set forth in Interrogatory 1. Defendant objects to the term "use" vague and ambiguous. Defendant also objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this interrogatory is so broad, uncertain, and unintelligible as to the term "use" that the Defendant cannot | Defendant Qu should produce documents and update the response to the interrogatories within two weeks. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

7

| | | | | |
|---|---|---|---|---|
| | determine the nature of the information sought. Lastly, no items were identified in Interrogatory No. 1 for the reasons set forth in Defendant's response to Interrogatory 1. | | | |