# Exhibit C

# Chart of First Requests for Production to Defendant Ignision

**First Set of Requests for Production to Defendant Ignision**

| Request | Response | Plaintiff 7EDU's Compromise | Defendant Qu's Compromise | Court Use |
|---|---|---|---|---|
| 1. All DOCUMENTS AND THINGS that refer to, or relate in any manner to, the allegations set forth in the First Amended Complaint. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents and things" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | | | | |
|---|---|---|---|---|
| | protected by attorney-client privilege and/or attorney work product.<br><br>Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | | |
| 2. All DOCUMENTS AND THINGS constituting, evidencing, referring to, or relating to communications between anyone performing work for | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision | |

| | | | |
|---|---|---|---|
| YOU and anyone performing work for PLAINTIFF relating to the subject matter of this lawsuit. | Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents and things" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product.<br><br>Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 | secret misappropriation, within 1 week. | will supplement its discovery responses within 30 days. | |

| | | | |
|---|---|---|---|
| | ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | |
| 3. All DOCUMENTS AND THINGS reflecting or referring to non-privileged communications between any of the DEFENDANTS relating to the subject matter of this lawsuit. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents and things" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. |

|  | irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product. Further, Defendant objects to this request as it calls for information that is competitively sensitive, financially private, and protected by its rights to privacy.<br><br>Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's |  |  |  |
|---|---|---|---|---|

| | disclosure of trade secrets with reasonable particularity. | | | |
|---|---|---|---|---|
| 4. All documents that YOU will offer as an exhibit at the trial of this lawsuit. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product. | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | | |
|---|---|---|---|---|
| 5. All DOCUMENTS OR THINGS relied upon by any expert whom YOU intend to call as a witness at trial or otherwise in the custody or control of such expert that relates or refers to this lawsuit or its subject matter. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | request for production is vague, ambiguous, and overbroad as to the terms "all documents or things" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product. Defendant further objects to this request as it calls for premature disclosure of expert reports.<br><br>Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. | | | |
|---|---|---|---|---|

| | | | |
|---|---|---|---|
| | Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | |
| 6. All DOCUMENTS OR THINGS that refer or relate to any non-privileged written or oral conversation or correspondence between YOU and any THIRD PARTY concerning this lawsuit or its subject matter. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents or things" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | | | |
|---|---|---|---|
| | confidential material protected by attorney-client privilege and/or attorney work product.<br><br>Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | |
| 7. All DOCUMENTS OR THINGS that refer or relate to PLAINTIFF. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, | |

| | admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents or things" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product.<br><br>Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § | unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision will supplement its discovery responses within 30 days. | |

| | | | |
|---|---|---|---|
| | 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | |
| 8. All DOCUMENTS OR THINGS that refer or relate to Jun Liu, CEO of PLAINTIFF, or any employee of, or contractor for, PLAINTIFF. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents or things" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | | | |
|---|---|---|---|
| | perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product.<br>Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | |
| 9. All DOCUMENTS OR THINGS that reference or relate to the conception and formation of IGNISION, | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 |

| | | | |
|---|---|---|---|
| including but not limited to any documents referencing or relating to business plans,  recruitment of contractors or employees, or solicitation of investors. | reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents or things" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product. Further, Defendant objects to this request as it calls for information that is competitively sensitive, financially private, and protected by its rights to privacy. | Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. |

| | | | |
|---|---|---|---|
| | Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | |
| 10. All documents relating to YOUR analysis of IGNISION'S competition, including any documents comparing IGNISION and PLAINTIFF. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | request for production is vague, ambiguous, and overbroad as to the terms "all documents" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product.

Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to | | | |
|---|---|---|---|---|

| | amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | | |
|---|---|---|---|---|
| 11. The personnel files for all of IGNISION'S current or past employees who have also worked for PLAINTIFF at any time during their careers. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

|  | privilege and/or attorney work product.<br><br>Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. |  |  |  |
|---|---|---|---|---|
| 12. All DOCUMENTS OR THINGS that reference or relate to IGNISION'S solicitation of clients, including marketing communications and direct communications, | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its |  |

| and including any communications with contacts obtained through PLAINTIFF'S social media marketing efforts. | interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product.<br><br>Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not | misappropriation, within 1 week. | discovery responses within 30 days. | |

| | entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | | |
|---|---|---|---|---|
| 13. All pictures, notes, records, letters, or any other handwritten or electronic recording of any information from PLAINTIFF's documents or databases, including its Google Drive. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product.<br><br>Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | | |
|---|---|---|---|---|
| 14. All DOCUMENTS OR THINGS that originated from PLAINTIFF that were used to develop | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13- | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. | |

| | | | | |
|---|---|---|---|---|
| IGNISION'S business. | to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product.<br><br>Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code | 14, which are unrelated to trade secret misappropriation, within 1 week. | Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | | | |
|---|---|---|---|
| | of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | |
| 15. All DOCUMENTS OR THINGS in YOUR possession that originated from PLAINTIFF, including but not limited to DOCUMENTS with the words "student console" in the title or body;  any documents with the title "【不对外】 2023-2024 Promotion Courses and Programs 【星标】" ; and any documents with the title "NEW MKT/sales/product proposal" or "NEW | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. |

| MKT/sales/product propsal". | incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product.

Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | | |
| 16. All DOCUMENTS OR THINGS that reference or relate to IGNISION'S | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds | Defendant produces documents relating to adequately-disclosed Trade | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that | |

| | | | |
|---|---|---|---|
| business planning, including but not limited to business plans, operating plans, marketing plans, sales plans, financial plans, long-range plans, strategy documents, and any other similar documents. | that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product.<br><br>Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the | Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | | | |
|---|---|---|---|
| | trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | |
| 17. DOCUMENTS OR THINGS sufficient to show, on a quarterly basis, IGNSION'S net and gross revenue, costs, overhead, and profit margins. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents" as it is without limitation, overbroad and unduly burdensome as it | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. |

| | could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product.<br><br>Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | | |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| 18. All financial records, business records, and other DOCUMENTS OR THINGS provided or made available to any actual or potential lender or investor of IGNISION. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product. | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | | | | |
|---|---|---|---|---|
| | Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | | |
| 19. All DOCUMENTS OR THINGS received by YOU in response to any subpoenas propounded by DEFENDANTS in this case. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | request for production is vague, ambiguous, and overbroad as to the terms "all documents" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product.<br><br>Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to | | | |
|---|---|---|---|---|

| | amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | | |
|---|---|---|---|---|
| 20. Any confidentiality agreements or nondisclosure agreements relating to YOUR work at IGNISION that YOU are a party to. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | privilege and/or attorney work product.<br><br>Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | | |
|---|---|---|---|---|
| 21. Any DOCUMENTS OR THINGS that demonstrate that the PLAINTIFF'S trade secrets are publicly available. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this | Defendant updates this response within 30 days of receiving Plaintiff's Updated Trade Secret Disclosure (citing all documents, removing "e.g.") | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its | |

| | | | |
|---|---|---|---|
| | interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product.<br><br>Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not | discovery responses within 30 days. | |

| | entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | | |
|---|---|---|---|---|
| 22. All DOCUMENTS OR THINGS that support the factual basis for each of YOUR defenses. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | | | |
|---|---|---|---|
| | objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product.<br><br>Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | | |
| 23. All DOCUMENTS AND THINGS identified in DEFENDANTS' initial disclosures under Federal Rule of Civil Procedure | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13- | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. | |

| | | | | |
|---|---|---|---|---|
| 26(a) or used, relied on, or considered by YOU in drafting DEFENDANTS' initial disclosures. | to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product.<br><br>Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code | 14, which are unrelated to trade secret misappropriation, within 1 week. | Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | | |
|---|---|---|---|---|
| 24. DOCUMENTS OR THINGS sufficient to describe all of IGNISION'S electronic data and document retention policies. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | | | | |
|---|---|---|---|---|
| | incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product.<br><br>Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | | |
| 25. Organizational charts sufficient to show the names, positions, titles, duties, and reporting | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds | Defendant produces documents relating to adequately-disclosed Trade | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that | |

| | | | |
|---|---|---|---|
| relationships of all officers, employees, and other personnel (including temporary workers and contractors) of IGNISION. | that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product.<br><br>Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the | Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | | |
|---|---|---|---|---|