# Exhibit D

# Chart of Second Set of Requests for Production to Defendant Qu

**Second Set of Requests for Production to Defendant Qu**

| Request | Response | Plaintiff 7EDU's Compromise | Defendant Qu's Compromise | Court Use |
|---|---|---|---|---|
| 1. All DOCUMENTS AND THINGS containing information about students or parents you worked with or met through YOUR employment with PLAINTIFF. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents and things" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | | | |
|---|---|---|---|
| | protected by attorney-client privilege and/or attorney work product. Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | |
| 2. All COMMUNICATIONS including text messages, emails, or chat service messages between YOU and any students or parents YOU worked with or knew through YOUR employment with PLAINTIFF. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its |

| | | | |
|---|---|---|---|
| | interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms " All COMMUNICATIONS" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product. Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not | | discovery responses within 30 days. | |

| | entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | | |
|---|---|---|---|---|
| 3. Each DOCUMENT AND THING identified, relied upon, consulted, or referred to in YOUR answers to any of PLAINTIFF'S Interrogatories to YOU or IGNISION. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "each document and thing" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product. Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | | |
|---|---|---|---|---|
| 4. All DOCUMENTS AND THINGS that refer to, or relate in any manner to, the allegations set forth in the First Amended Complaint. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. | |

| | | | |
|---|---|---|---|
| | to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents and things" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product. Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code | secret misappropriation, within 1 week. | Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | | | |
|---|---|---|---|
| | of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | | |
| 5. All DOCUMENTS AND THINGS constituting, evidencing, referring to, or relating to communications between YOU and PLAINTIFF relating to the subject matter of this lawsuit. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents and things" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | | | |
|---|---|---|---|
| | and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product. Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | |
| 6. All DOCUMENTS AND THINGS reflecting or referring to non-privileged communications | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that |

| between any of the DEFENDANTS relating to the subject matter of this lawsuit. | that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents and things" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product. Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the | Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

|  | trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. |  |  |  |
|---|---|---|---|---|
| 7. All documents that YOU will offer as an exhibit at the trial of this lawsuit. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as it is without limitation, overbroad and unduly burdensome as it could require laborious, | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. |  |

| | | | |
|---|---|---|---|
| | time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product. Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | |
| 8. All DOCUMENTS OR THINGS relied upon by any expert whom YOU intend to call as a witness at trial | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that |

| or otherwise in the custody or control of such expert that relates or refers to this lawsuit or its subject matter. | that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents or things" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product. Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with | Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | | |
|---|---|---|---|---|
| 9. All DOCUMENTS OR THINGS that refer or relate to any non-privileged written or oral conversation or correspondence between YOU and any THIRD PARTY concerning this lawsuit or its subject matter. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents or things" as it is without limitation, overbroad and unduly burdensome as it could require laborious, | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | | | |
|---|---|---|---|
| | time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product. Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | |
| 10. All DOCUMENTS OR THINGS that refer or relate to PLAINTIFF. | Defendant refers to and incorporates its General Objections to the extent each | Defendant produces documents relating to adequately-disclosed Trade Secrets and | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret |

| | applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents or things" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product. Subject to and incorporating its General Objections and its specific objections, Defendant | relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | | | |
|---|---|---|---|
| | responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | |
| 11. All DOCUMENTS OR THINGS that refer or relate to Jun Liu, CEO of PLAINTIFF, or any employee of, or contractor for, PLAINTIFF. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents or things" as it is | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. |

| | without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product.<br>Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | | |
|---|---|---|---|---|

| 12. All DOCUMENTS OR THINGS that reference or relate to the conception and formation of IGNISION, including but not limited to any documents referencing or relating to business plans, recruitment of contractors or employees, or solicitation of investors. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents or things" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product. Subject to and incorporating its General Objections and its | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | | | |
|---|---|---|---|
| | specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | |
| 13. All DOCUMENTS OR THINGS that reference or relate to YOUR decision to enter the academic coaching business and the preparation related thereto. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. |

| | overbroad as to the terms "all documents or things" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product. | | | |
| | Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's | | | |

| | disclosure of trade secrets with reasonable particularity. | | | |
|---|---|---|---|---|
| 14. All documents relating to YOUR analysis of IGNISION'S competition, including any documents comparing IGNISION and PLAINTIFF. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product. | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | | | |
|---|---|---|---|
| | Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | |
| 15. The personnel files for all of IGNISION'S current or past employees who have also worked for PLAINTIFF at any time during their careers. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. |

<table>
<tr><td></td><td>request for production is vague, ambiguous, and overbroad as to the terms "all documents or things" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product.<br><br>Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these</td><td></td><td></td><td></td></tr>
</table>

| | responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | | |
|---|---|---|---|---|
| 16. All DOCUMENTS OR THINGS that reference or relate to IGNISION'S solicitation of clients, including marketing communications and direct communications, and including any communications with contacts obtained through PLAINTIFF'S social media marketing efforts. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product. | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | | | |
|---|---|---|---|
| | Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | |
| 17. All pictures, notes, records, letters, or any other handwritten or electronic recording of any information from PLAINTIFF's documents or databases, including its Google Drive. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. |

| | request for production is vague, ambiguous, and overbroad as to the terms "all documents or things" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product.<br><br>Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these | | | |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| | responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | | |
| 18. All DOCUMENTS OR THINGS that originated from PLAINTIFF that YOU used to develop IGNISION'S business. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents or things" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | | | |
|---|---|---|---|
| | work product. Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | |
| 19. All DOCUMENTS OR THINGS in YOUR possession that YOU obtained access to through YOUR employment with PLAINTIFF, including but not limited to DOCUMENTS with the words "student console" in the title or body;  any documents with the title " 【不对外】 2023-2024 | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. |

| | | | | |
|---|---|---|---|---|
| Promotion Courses and Programs【星标】"; and any documents with the title "NEW MKT/sales/product proposal" or "NEW MKT/sales/product propsal". | request for production is vague, ambiguous, and overbroad as to the terms "all documents or things" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product.<br>Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these | | | |

| | responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | | |
|---|---|---|---|---|
| 20. All DOCUMENTS OR THINGS that reference or relate to IGNISION'S business planning, including but not limited to business plans, operating plans, marketing plans, sales plans, financial plans, long-range plans, strategy documents, and any other similar documents. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents or things" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | work product. Defendant objects to this request as it calls for information that is competitively sensitive, financially private, and protected by its rights to privacy. Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | | |
|---|---|---|---|---|
| 21. DOCUMENTS OR THINGS sufficient to show, on a quarterly basis, IGNSION'S net and gross revenue, costs, overhead, and profit margins. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 | |

31

| | reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents or things" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product. Defendant objects to this request as it calls for information that is competitively sensitive, financially private, and protected by its rights to privacy. Subject to and incorporating its General Objections and its | unrelated to trade secret misappropriation, within 1 week. | within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | | | | |
|---|---|---|---|---|
| | specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | | |
| 22. All financial records, business records, and other DOCUMENTS OR THINGS provided or made available to any actual or potential lender or investor of IGNISION. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | overbroad as to the terms "all documents or things" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product. Defendant objects to this request as it calls for information that is competitively sensitive, financially private, and protected by its rights to privacy. | | | |
|---|---|---|---|---|
| | Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not | | | |

| | | | |
|---|---|---|---|
| | entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | |
| 23. All DOCUMENTS OR THINGS received by IGNISION or YOU in response to any subpoenas propounded by IGNISION or YOU in this case. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "All DOCUMENTS OR THINGS" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. |

| | details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product. Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | | |
|---|---|---|---|---|
| 24. Any confidentiality agreements or nondisclosure agreements relating to YOUR work at IGNISION that YOU are a party to. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. | |

| | | | |
|---|---|---|---|
| | to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms "all documents or things" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product. Defendant objects to this request as it calls for information that is competitively sensitive, financially private, and protected by its rights to privacy. Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff | secret misappropriation, within 1 week. | Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | | | |
|---|---|---|---|
| | has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | |
| 25. Any DOCUMENTS OR THINGS that demonstrate that the PLAINTIFF'S trade secrets are publicly available. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms " Any DOCUMENTS OR THINGS" as it is without | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. |

| | | | |
|---|---|---|---|
| | limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product.<br><br>Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | |

| 26. All DOCUMENTS OR THINGS that support the factual basis for each of YOUR defenses. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as to the terms " All DOCUMENTS OR THINGS" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product. Subject to and incorporating its General | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | | | | |
|---|---|---|---|---|
| | Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | | |
| 27. All DOCUMENTS AND THINGS identified in DEFENDANTS' initial disclosures under Federal Rule of Civil Procedure 26(a) or used, relied on, or considered by YOU in drafting DEFENDANTS' initial disclosures. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | overbroad as to the terms " Any DOCUMENTS and THINGS" as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product. Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's | | | |
| --- | --- | --- | --- | --- |

| | disclosure of trade secrets with reasonable particularity. | | | |
|---|---|---|---|---|
| 28. DOCUMENTS OR THINGS sufficient to describe all of IGNISION'S electronic data and document retention policies. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this request for production is vague, ambiguous, and overbroad as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product. | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's disclosure of trade secrets with reasonable particularity. | | | |
|---|---|---|---|---|
| 29. Organizational charts sufficient to show the names, positions, titles, duties, and reporting relationships of all officers, employees, and other personnel (including temporary workers and contractors) of IGNISION. | Defendant refers to and incorporates its General Objections to the extent each applies. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence Defendant objects to this interrogatory because this request is so broad, and uncertain. Specifically, this | Defendant produces documents relating to adequately-disclosed Trade Secrets and relating to Plaintiff's Claims 7-8 and 13-14, which are unrelated to trade secret misappropriation, within 1 week. | Defendant Ignision proposes that Plaintiff 7EDU serve a trade secret designation that complies with Section 2019.210 within 7 days. Thereafter, Defendant Ignision will supplement its discovery responses within 30 days. | |

| | | | |
|---|---|---|---|
| | request for production is vague, ambiguous, and overbroad as it is without limitation, overbroad and unduly burdensome as it could require laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details. Defendant further objects as this request seeks confidential material protected by attorney-client privilege and/or attorney work product. Subject to and incorporating its General Objections and its specific objections, Defendant responds as follows: Plaintiff has failed to identify the trade secret at issue with reasonable particularity pursuant to California Code of Civil Procedure § 2019.210 ("CCCP § 2019.210") and is thus not entitled to discovery. Defendant reserves the right, without any obligation, to amend or supplement these responses upon Plaintiff's | | |

| | disclosure of trade secrets with reasonable particularity. | | | |
|---|---|---|---|---|