Michael N. Cohen (Cal. Bar. No. 225348)
*mcohen@cohenip.com*
COHEN IP LAW GROUP, PC
9025 Wilshire Blvd., Suite 301
Beverly Hills, California 90211
Tel: 310-288-4500
Fax: 310-246-9980

Perry R.Clark (Cal. Bar. No. 19710)
*perry@perryclarklaw.com*
LAW OFFICES OF PERRY R. CLARK
825 San Antonio Road Suite 201
Palo Alto, California 94303
Tel: 650-248-5817
Fax: 650-618-8533

Attorneys for Defendants:
Ignision Education Silicon Valley, Amy Qu,
Ya You, and Yayi Li

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| 7EDU IMPACT ACADEMY INC., a California corporation,<br><br>DEFENDANT,<br><br>vs.<br><br>YA YOU, an individual; AMY QU (a.k.a. AIMEE QU), an individual; YAYI LI, an individual; IGNISION EDUCATION SILICON VALLEY, a California corporation; and DOES 1-10, inclusive<br><br>Defendants. | CASE NO. 5:24-CV-01708-EJD<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendants YA YOU ("You"), AMY QU ("Qu"), YAYI LI ("Li"), AND IGNISION EDUCATION SILICON VALLEY ("Ignision") (collectively referred to as "Defendants"), by and through their undersigned counsel, respectfully submits the following Answer and Affirmative Defenses to the First Amended Complaint ("FAC") of Plaintiff 7EU IMPACT ACADEMY INC. ("Plaintiff" or "7EDU") in he above-captioned matter.

## PRELIMINARY STATEMENT

Defendant's Answer and Affirmative Defenses are based upon its investigation to date, which is ongoing, and Defendants reserves the right to supplement, clarify, or amend its Answer and Affirmative Defenses during the course of litigation, as additional information becomes available and as the investigation continues. For the sake of clarity and avoidance of doubt, to the extent an allegation in the FAC is not expressly admitted, Defendants denies each and every such allegation. Relatedly, many of the FAC's allegations state legal conclusions that do not require a response or purport to characterize or selectively quote from documents out of context. To the extent responses are required to any such allegations, Defendants denies all such allegations. Defendants further denies any allegations contained in, or references that may be drawn from, the captions contained in the FAC, or any other portion of the FAC outside of its numbered paragraphs. Additionally, Defendants asserts that this action is without merit and that no relief is warranted.

## ANSWER TO FIRST AMENDED COMPLAINT

### NATURE OF THE ACTION

1. Paragraph 1 states legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the allegations asserted in Paragraph 1, and, on that basis, denies the allegations.

2. Defendants deny the allegations in Paragraph 2.

3. Defendants deny the allegations in Paragraph 3.

4. Defendants deny the allegations in Paragraph 4.

5. Defendants deny the allegations in Paragraph 5.

### THE PARTIES

6. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6, and, on that basis, denies the allegations.

7. Defendants admit the allegations of Paragraph 7.

8. Defendants admit the allegations of Paragraph 8.

9. Defendants admit the allegations of Paragraph 9.

10. Defendants admit the allegations of Paragraph 10.

11. Defendants deny the allegations in Paragraph 11.

12. Defendants deny that they are responsible for any of the events and happenings and caused damage as alleged in Paragraph 12. The remainder of Paragraph 12 states legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the allegations asserted in Paragraph 12, and, on that basis, denies the allegations.

13. Defendants deny the allegations in Paragraph 13.

14. Paragraph 14 states legal contentions to which no response is required. To the extent a response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations asserted in Paragraph 14, and, on that basis, denies the allegations.

**JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT**

15. Paragraph 15 states legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the allegations asserted in Paragraph 15, and, on that basis, denies the allegations.

16. Paragraph 16 states legal contentions to which no response is required. To the extent a response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations asserted in Paragraph 16, and, on that basis, denies the allegations.

17. Paragraph 17 states legal contentions to which no response is required. To the extent a response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations asserted in Paragraph 17, and, on that basis, denies the allegations.

18. Paragraph 18 states legal contentions to which no response is required. To the extent a response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations asserted in Paragraph 18, and, on that basis, denies the allegations.

**GENERAL ALLEGATIONS**

19. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19, and, on that basis, denies the allegations.

20. Defendants deny the allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23.

24. Defendants admit the allegations in Paragraph 24.

**7EDU's CONFIDENTIAL AND TRADE SECRET INFORMATION**

25. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25, and, on that basis, denies the allegations.

26. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26, and, on that basis, denies the allegations.

27. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27, and, on that basis, denies the allegations.

28. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28, and, on that basis, denies the allegations.

29. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29, and, on that basis, denies the allegations.

30. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30, and, on that basis, denies the allegations.

31. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31, and, on that basis, denies the allegations.

32. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32, and, on that basis, denies the allegations.

33. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33, and, on that basis, denies the allegations.

34. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34, and, on that basis, denies the allegations.

35. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35, and, on that basis, denies the allegations.

36. Defendants lack sufficient knowledge or information to form a belief as to the truth of the

allegations in Paragraph 36, and, on that basis, denies the allegations.

37. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37, and, on that basis, denies the allegations.

38. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38, and, on that basis, denies the allegations.

39. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39, and, on that basis, denies the allegations.

40. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40, and, on that basis, denies the allegations.

41. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41, and, on that basis, denies the allegations.

42. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42, and, on that basis, denies the allegations.

43. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43, and, on that basis, denies the allegations.

44. Defendants admit the allegations in Paragraph 44.

45. Defendants admit the dates You began and resigned her employment in Paragraph 45. As to all the remaining allegations of Paragraph 45, Defendants deny.

46. Defendants admit the dates Li began and resigned her employment in Paragraph 46. As to all the remaining allegations of Paragraph 46, Defendants deny.

47. Defendants admit the dates Qu began and resigned her employment in Paragraph 47. As to all the remaining allegations of Paragraph 47, Defendants deny.

48. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48, and, on that basis, denies the allegations.

49. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49, and, on that basis, denies the allegations.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants deny the allegations in Paragraph 55.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63.

64. Defendants deny the allegations in Paragraph 64.

65. Defendants deny the allegations in Paragraph 65.

66. Defendants admit the dates of Qu's and Li's resignation in Paragraph 66. As to all other allegations in Paragraph 66, denied.

67. Defendants deny the allegations in Paragraph 67.

68. Defendants deny the allegations in Paragraph 68.

69. Defendants deny the allegations in Paragraph 69.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants admit that a communication was sent to Defendants after their resignation in Paragraph 73. As to all the remaining allegations in Paragraph 73, denied.

74. Defendants admits a communication was sent to Defendant You. As to all the remaining allegations of Paragraph 74, denied.

75. Defendants admits a communication was sent to Defendants Qu, Li, and Ingnision. As to all the remaining allegations of Paragraph 75, denied.

**FIRST CAUSE OF ACTION**

**(Trade Secret Misappropriation Under the Defend Trade Secrets Act (18 U.S.C. §1836 et seq.)**

**Against Defendants You, Qu, Li and Ignision and Does 1 through 10)**

76. Defendants repeat and incorporate here its responses to Paragraphs 1 through 75 of this Answer.

77. Defendants You, Qu, and Ignision deny the allegations of Paragraph 77. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the First Cause Action re Trade Secrets were dismissed as to Defendant Li.

78. Paragraph 78 states legal contentions to which no response required. To the extent a response is required, Defendants You, Qu, and Ignision lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 78, and, on that basis, denies the allegations. Further, pursuant to this Court's Order of December 19, 2024, Dkt. 77, the First Cause Action re Trade Secrets were dismissed as to Defendant Li.

79. Defendants You, Qu and Ignision deny the allegations of Paragraph 79. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the First Cause Action re Trade Secrets were dismissed as to Defendant Li.

80. Defendants You, Qu, and Ignision deny the allegations of Paragraph 80. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the First Cause Action re Trade Secrets were dismissed as to Defendant Li.

81. Defendants You, Qu, and Ignision deny the allegations of Paragraph 81. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the First Cause Action re Trade Secrets were dismissed as to Defendant Li.

82. Defendants You, Qu, and Ignision deny the allegations of Paragraph 82. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the First Cause Action re Trade Secrets were dismissed as to Defendant Li.

83. Defendants You, Qu, and Ignision deny the allegations of Paragraph 83. Pursuant to this

Court's Order of December 19, 2024, Dkt. 77, the First Cause Action re Trade Secrets were dismissed as to Defendant Li.

84. Defendants You, Qu, and Ignision deny the allegations of Paragraph 84. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the First Cause Action re Trade Secrets were dismissed as to Defendant Li.

85. Defendants You, Qu, and Ignision deny the allegations of Paragraph 85. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the First Cause Action re Trade Secrets were dismissed as to Defendant Li.

86. Defendants You, Qu, and Ignision deny the allegations of Paragraph 86. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the First Cause Action re Trade Secrets were dismissed as to Defendant Li.

87. Defendants You, Qu, and Ignision deny the allegations of Paragraph 87. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the First Cause Action re Trade Secrets were dismissed as to Defendant Li.

88. Defendants You, Qu, and Ignision deny the allegations of Paragraph 88. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the First Cause Action re Trade Secrets were dismissed as to Defendant Li.

89. Defendants You, Qu and Ignision deny the allegations of Paragraph 89. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the First Cause Action re Trade Secrets were dismissed as to Defendant Li.

90. Defendants You, Qu and Ignision deny the allegations of Paragraph 90. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the First Cause Action re Trade Secrets were dismissed as to Defendant Li.

91. Defendants You, Qu and Ignision deny the allegations of Paragraph 91. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the First Cause Action re Trade Secrets were dismissed as to Defendant Li.

92. Defendants You, Qu and Ignision deny the allegations of Paragraph 92. Pursuant to this

Court's Order of December 19, 2024, Dkt. 77, the First Cause Action re Trade Secrets were dismissed as to Defendant Li.

**SECOND CAUSE OF ACTION**

**(Trade Secret Misappropriation Under Cal. Civ. Code §3426**

**Against Defendants You, Qu, Li and Ignision and Does 1 through 10)**

93. Defendants repeat and incorporate here its responses to Paragraphs 1 through 92 of this Answer.

94. Defendants You, Qu, and Ignision deny the allegations of Paragraph 94. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the First Cause Action re Trade Secrets were dismissed as to Defendant Li.

95. Paragraph 95 states legal contentions to which no response required. To the extent a response is required, Defendants You, Qu, and Ignision lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 95, and, on that basis, denies the allegations. Further, pursuant to this Court's Order of December 19, 2024, Dkt. 77, the First Cause Action re Trade Secrets were dismissed as to Defendant Li.

96. Defendants You, Qu and Ignision deny the allegations of Paragraph 79. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the First Cause Action re Trade Secrets were dismissed as to Defendant Li.

97. Defendants You, Qu and Ignision deny the allegations of Paragraph 79. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the First Cause Action re Trade Secrets were dismissed as to Defendant Li.

98. Defendants You, Qu and Ignision deny the allegations of Paragraph 79. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the First Cause Action re Trade Secrets were dismissed as to Defendant Li.

99. Defendants You, Qu and Ignision deny the allegations of Paragraph 79. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the First Cause Action re Trade Secrets were dismissed as to Defendant Li.

100. Defendants You, Qu and Ignision deny the allegations of Paragraph 79. Pursuant

to this Court's Order of December 19, 2024, the First Cause Action re Trade Secrets were dismissed as to Defendant Li.

101. Defendants You, Qu and Ignision deny the allegations of Paragraph 79. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the First Cause Action re Trade Secrets were dismissed as to Defendant Li.

102. Defendants You, Qu and Ignision deny the allegations of Paragraph 79. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the First Cause Action re Trade Secrets were dismissed as to Defendant Li.

103. Defendants You, Qu and Ignision deny the allegations of Paragraph 79. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the First Cause Action re Trade Secrets were dismissed as to Defendant Li.

104. Defendants You, Qu and Ignision deny the allegations of Paragraph 79. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the First Cause Action re Trade Secrets were dismissed as to Defendant Li.

105. Defendants You, Qu and Ignision deny the allegations of Paragraph 79. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the First Cause Action re Trade Secrets were dismissed as to Defendant Li.

106. Defendants You, Qu and Ignision deny the allegations of Paragraph 79. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the First Cause Action re Trade Secrets were dismissed as to Defendant Li.

107. Defendants You, Qu and Ignision deny the allegations of Paragraph 79. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the First Cause Action re Trade Secrets were dismissed as to Defendant Li.

108. Defendants You, Qu and Ignision deny the allegations of Paragraph 79. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the First Cause Action re Trade Secrets were dismissed as to Defendant Li.

109. Defendants You, Qu and Ignision deny the allegations of Paragraph 79. Pursuant

to this Court's Order of December 19, 2024, Dkt. 77, the First Cause Action re Trade Secrets were dismissed as to Defendant Li.

**THIRD CAUSE OF ACTION**

**(Breach of Contract Against Defendant You)**

110. Defendants repeat and incorporate here its responses to Paragraphs 1 through 109 of this Answer.

111. Defendant You admits the allegations in Paragraph 111.

112. Defendant You admits the contracts alleged in Paragraph 112 set forth certain obligations. As to all other allegations, Defendant You lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 112, and, on that basis, denies the allegations.

113. Defendant You denies the allegations of Paragraph 113.

114. Defendant You denies the allegations of Paragraph 114.

115. Defendant You denies the allegations of Paragraph 115.

116. Defendant You denies the allegations of Paragraph 116.

**FOURTH CAUSE OF ACTION**

**(Breach of Contract Against Defendant Li)**

117. Defendants repeat and incorporate here its responses to Paragraphs 1 through 116 of this Answer.

118. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Fourth Cause Action re Breach of Contract was dismissed as to Defendant Li. Accordingly, no response is required as to Paragraph 118.

119. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Fourth Cause Action re Breach of Contract was dismissed as to Defendant Li. Accordingly, no response is required as to Paragraph 119.

120. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Fourth Cause Action re Breach of Contract was dismissed as to Defendant Li. Accordingly, no response is required as to Paragraph 120.

121. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Fourth Cause Action re Breac of Contract was dismissed as to Defendant Li. Accordingly, no response is required as to Paragraph 121.

122. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Fourth Cause Action re Breach of Contract was dismissed as to Defendant Li. Accordingly, no response is required as to Paragraph 122.

123. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Fourth Cause Action re Breach of Contract was dismissed as to Defendant Li. Accordingly, no response is required as to Paragraph 123.

**FIFTH CAUSE OF ACTION**

**Intentional Interference with Contractual Relations**

124. Defendants repeat and incorporate here its responses to Paragraphs 1 through 123 of this Answer.

125. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Fifth Cause Action re Intentional Interference with Contractual Relations was dismissed as to all Defendants. Accordingly, no response is required as to Paragraph 125.

126. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Fifth Cause Action re Intentional Interference with Contractual Relations was dismissed as to all Defendants. Accordingly, no response is required as to Paragraph 126.

127. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Fifth Cause Action re Intentional Interference with Contractual Relations was dismissed as to all Defendants. Accordingly, no response is required as to Paragraph 127.

128. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Fifth Cause Action re Intentional Interference with Contractual Relations was dismissed as to all Defendants. Accordingly, no response is required as to Paragraph 128.

129. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Fifth Cause Action re Intentional Interference with Contractual Relations was dismissed as to all Defendants. Accordingly, no response is required as to Paragraph 129.

130. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Fifth Cause Action re Intentional Interference with Contractual Relations was dismissed as to all Defendants. Accordingly, no response is required as to Paragraph 130.

131. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Fifth Cause Action re Intentional Interference with Contractual Relations was dismissed as to all Defendants. Accordingly, no response is required as to Paragraph 131.

132. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Fifth Cause Action re Intentional Interference with Contractual Relations was dismissed as to all Defendants. Accordingly, no response is required as to Paragraph 132.

133. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Sixth Cause Action re Intentional Interference with Prospective Economic Advantage was dismissed as to all Defendants. Accordingly, no response is required as to Paragraph 133.

134. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Sixth Cause Action re Intentional Interference with Prospective Economic Advantage was dismissed as to all Defendants. Accordingly, no response is required as to Paragraph 134.

135. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Sixth Cause Action re Intentional Interference with Prospective Economic Advantage was dismissed as to all Defendants. Accordingly, no response is required as to Paragraph 135.

136. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Sixth Cause Action re Intentional Interference with Prospective Economic Advantage was dismissed as to all Defendants. Accordingly, no response is required as to Paragraph 136.

137. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Sixth Cause Action re Intentional Interference with Prospective Economic Advantage was dismissed as to all Defendants. Accordingly, no response is required as to Paragraph 137.

138. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Sixth Cause Action re Intentional Interference with Prospective Economic Advantage was dismissed as to all Defendants. Accordingly, no response is required as to Paragraph 138.

139. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Sixth Cause

Action re Intentional Interference with Prospective Economic Advantage was dismissed as to all Defendants. Accordingly, no response is required as to Paragraph 139.

**SEVENTH CAUSE OF ACTION**

**(Conversion Against Defendant You)**

140. Defendants repeat and incorporate here its responses to Paragraphs 1 through 139 of this Answer.

141. Defendant You denies the allegations of Paragraph 141.

142. Defendant You denies the allegations of Paragraph 142.

143. Defendant You denies the allegations of Paragraph 143.

144. Defendant You denies the allegations of Paragraph 144.

145. Defendant You denies the allegations of Paragraph 145.

146. Defendant You denies the allegations of Paragraph 146.

147. Defendant You denies the allegations of Paragraph 147.

148. Defendant You denies the allegations of Paragraph 148.

**EIGHTH (sic) COUNTERCLAIM**

**(For Money Had and Received Against Defendant You)**

149. Defendants repeat and incorporate here its responses to Paragraphs 1 through 148 of this Answer.

150. Defendants deny the allegations of Paragraph 150.

151. Defendants deny the allegations of Paragraph 151.

152. Defendants deny the allegations of Paragraph 152.

153. Defendants deny the allegations of Paragraph 153.

154. Defendants deny the allegations of Paragraph 154.

**NINTH CAUSE OF ACTION**

**(Breach of Duty of Loyalty Against Defendants You, Qu, Li)**

155. Defendants repeat and incorporate here its responses to Paragraphs 1 through 154 of this Answer.

156. Paragraph 156 states legal contentions to which no response is required. To the

extent a response is required, Defendants You and Qu lack sufficient information or knowledge to form a belief as to the truth of the allegations asserted in Paragraph 156, and, on that basis, denies the allegations. As to Defendant Li, pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Ninth Cause of Action re Breach of Duty of Loyalty was dismissed as to Defendant Li. Accordingly, no response by Defendant Li is required.

157. Paragraph 157 states legal contentions to which no response is required. To the extent a response is required, Defendants You and Qu lack sufficient information or knowledge to form a belief as to the truth of the allegations asserted in Paragraph 157, and, on that basis, denies the allegations. As to Defendant Li, pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Ninth Cause of Action re Breach of Duty of Loyalty was dismissed as to Defendant Li. Accordingly, no response by Defendant Li is required.

158. Paragraph 158 states legal contentions to which no response is required. To the extent a response is required, Defendants You and Qu lack sufficient information or knowledge to form a belief as to the truth of the allegations asserted in Paragraph 156, and, on that basis, denies the allegations. As to Defendant Li, pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Ninth Cause of Action re Breach of Duty of Loyalty was dismissed as to Defendant Li. Accordingly, no response by Defendant Li is required.

159. Paragraph 159 states legal contentions to which no response is required.

160. Defendants deny the allegations of Paragraph 160. Further, As to Defendant Li, pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Ninth Cause of Action re Breach of Duty of Loyalty was dismissed as to Defendant Li. Accordingly, no response by Defendant Li is required.

161. Defendants deny the allegations of Paragraph 161. Further, As to Defendant Li, pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Ninth Cause of Action re Breach of Duty of Loyalty was dismissed as to Defendant Li. Accordingly, no response by Defendant Li is required.

162. Defendants deny the allegations of Paragraph 162. Further, As to Defendant Li,

pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Ninth Cause of Action re Breach of Duty of Loyalty was dismissed as to Defendant Li. Accordingly, no response by Defendant Li is required.

163. Defendants deny the allegations of Paragraph 163. Further, As to Defendant Li, pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Ninth Cause of Action re Breach of Duty of Loyalty was dismissed as to Defendant Li. Accordingly, no response by Defendant Li is required.

164. Defendants deny the allegations of Paragraph 164. Further, As to Defendant Li, pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Ninth Cause of Action re Breach of Duty of Loyalty was dismissed as to Defendant Li. Accordingly, no response by Defendant Li is required.

**TENTH CAUSE OF ACTION**

**(Breach of Fiduciary Duty Against Defendant You)**

165. Defendants repeat and incorporate here its responses to Paragraphs 1 through 164 of this Answer.

166. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Tenth Cause of Action re Breach of Fiduciary Duty Against Defendant You was dismissed. Accordingly, no response is required as to Paragraph 166.

167. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Tenth Cause of Action re Breach of Fiduciary Duty Against Defendant You was dismissed. Accordingly, no response is required as to Paragraph 167.

168. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Tenth Cause of Action re Breach of Fiduciary Duty Against Defendant You was dismissed. Accordingly, no response is required as to Paragraph 168.

169. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Tenth Cause of Action re Breach of Fiduciary Duty Against Defendant You was dismissed. Accordingly, no response is required as to Paragraph 169.

170. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Tenth Cause of

Action re Breach of Fiduciary Duty Against Defendant You was dismissed. Accordingly, no response is required as to Paragraph 170.

171. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Tenth Cause of Action re Breach of Fiduciary Duty Against Defendant You was dismissed. Accordingly, no response is required as to Paragraph 171.

**ELEVENTH CAUSE OF ACTION**

**(Aiding and Abetting Breach of Duty of Loyalty Against Defendants You, Qu, Li, and Ignision)**

172. Defendants repeat and incorporate here its responses to Paragraphs 1 through 171 of this Answer.

173. Defendants You, Qu, and Ignision deny the allegations of Paragraph 173. Further, As to Defendant Li, pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Eleventh Cause of Action re Aiding and Abetting Breach of Duty of Loyalty was dismissed as to Defendant Li. Accordingly, no response by Defendant Li is required.

174. Defendants You, Qu, and Ignision deny the allegations of Paragraph 174. Further, As to Defendant Li, pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Eleventh Cause of Action re Aiding and Abetting Breach of Duty of Loyalty was dismissed as to Defendant Li. Accordingly, no response by Defendant Li is required.

175. Defendants You, Qu, and Ignision deny the allegations of Paragraph 175. Further, As to Defendant Li, pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Eleventh Cause of Action re Aiding and Abetting Breach of Duty of Loyalty was dismissed as to Defendant Li. Accordingly, no response by Defendant Li is required.

176. Defendants You, Qu, and Ignision deny the allegations of Paragraph 176. Further, As to Defendant Li, pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Eleventh Cause of Action re Aiding and Abetting Breach of Duty of Loyalty was dismissed as to Defendant Li. Accordingly, no response by Defendant Li is required.

177. Defendants You, Qu, and Ignision deny the allegations of Paragraph 177.

Further, As to Defendant Li, pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Eleventh Cause of Action re Aiding and Abetting Breach of Duty of Loyalty was dismissed as to Defendant Li. Accordingly, no response by Defendant Li is required.

178. Defendants You, Qu, and Ignision deny the allegations of Paragraph 178. Further, As to Defendant Li, pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Eleventh Cause of Action re Aiding and Abetting Breach of Duty of Loyalty was dismissed as to Defendant Li. Accordingly, no response by Defendant Li is required.

179. Defendants You, Qu, and Ignision deny the allegations of Paragraph 179. Further, As to Defendant Li, pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Eleventh Cause of Action re Aiding and Abetting Breach of Duty of Loyalty was dismissed as to Defendant Li. Accordingly, no response by Defendant Li is required.

**TWELFTH CAUSE OF ACTION**

**(Aiding and Abetting Breach of Duty of Fiduciary Duty Against Defendants Qu, Li, Ignision)**

180. Defendants repeat and incorporate here its responses to Paragraphs 1 through 179 of this Answer.

181. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Twelfth Cause of Action re Aiding and Abetting Breach of Duty of Fiduciary Duty Against Defendant Qu, Li, and Ignision were dismissed. Accordingly, no response is required as to Paragraph 181.

182. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Twelfth Cause of Action re Aiding and Abetting Breach of Duty of Fiduciary Duty Against Defendant Qu, Li, and Ignision were dismissed. Accordingly, no response is required as to Paragraph 182.

183. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Twelfth Cause of Action re Aiding and Abetting Breach of Duty of Fiduciary Duty Against Defendant Qu, Li, and Ignision were dismissed. Accordingly, no response is required as to Paragraph 183.

184. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Twelfth Cause of Action re Aiding and Abetting Breach of Duty of Fiduciary Duty Against Defendant Qu, Li, and Ignision were dismissed. Accordingly, no response is required as to Paragraph 184.

185. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Twelfth Cause of Action re Aiding and Abetting Breach of Duty of Fiduciary Duty Against Defendant Qu, Li, and Ignision were dismissed. Accordingly, no response is required as to Paragraph 185.

186. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Twelfth Cause of Action re Aiding and Abetting Breach of Duty of Fiduciary Duty Against Defendant Qu, Li, and Ignision were dismissed. Accordingly, no response is required as to Paragraph 186.

187. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Twelfth Cause of Action re Aiding and Abetting Breach of Duty of Fiduciary Duty Against Defendant Qu, Li, and Ignision were dismissed. Accordingly, no response is required as to Paragraph 187.

**THIRTEENTH CAUSE OF ACTION**

**(Federal False Advertising in Violation of 15 U.S.C. §1125 Against Defendant Ignision)**

188. Defendants repeat and incorporate here its responses to Paragraphs 1 through 187 of this Answer.

189. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Thirteenth Cause of Action re Federal False Advertising in Violation of 15 U.S.C. §1125 against Defendant Ignision was dismissed. Accordingly, no response is required as to Paragraph 189.

190. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Thirteenth Cause of Action re Federal False Advertising in Violation of 15 U.S.C. §1125 against Defendant Ignision was dismissed. Accordingly, no response is required as to Paragraph 190.

191. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Thirteenth Cause of Action re Federal False Advertising in Violation of 15 U.S.C. §1125 against Defendant Ignision was dismissed. Accordingly, no response is required as to Paragraph 191.

192. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Thirteenth Cause of Action re Federal False Advertising in Violation of 15 U.S.C. §1125 against Defendant Ignision was dismissed. Accordingly, no response is required as to Paragraph 192.

193. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Thirteenth Cause of Action re Federal False Advertising in Violation of 15 U.S.C. §1125 against Defendant Ignision was dismissed. Accordingly, no response is required as to Paragraph 193.

194. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Thirteenth Cause of Action re Federal False Advertising in Violation of 15 U.S.C. §1125 against Defendant Ignision was dismissed. Accordingly, no response is required as to Paragraph 194.

195. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Thirteenth Cause of Action re Federal False Advertising in Violation of 15 U.S.C. §1125 against Defendant Ignision was dismissed. Accordingly, no response is required as to Paragraph 195.

196. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Thirteenth Cause of Action re Federal False Advertising in Violation of 15 U.S.C. §1125 against Defendant Ignision was dismissed. Accordingly, no response is required as to Paragraph 196.

197. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Thirteenth Cause of Action re Federal False Advertising in Violation of 15 U.S.C. §1125 against Defendant Ignision was dismissed. Accordingly, no response is required as to Paragraph 197.

198. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Thirteenth Cause of Action re Federal False Advertising in Violation of 15 U.S.C. §1125 against Defendant Ignision was dismissed. Accordingly, no response is required as to Paragraph 198.

199. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Thirteenth Cause of Action re Federal False Advertising in Violation of 15 U.S.C. §1125 against Defendant Ignision was dismissed. Accordingly, no response is required as to Paragraph 199.

200. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Thirteenth Cause of Action re Federal False Advertising in Violation of 15 U.S.C. §1125 against Defendant Ignision was dismissed. Accordingly, no response is required as to Paragraph 200.

201. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Thirteenth Cause of Action re Federal False Advertising in Violation of 15 U.S.C. §1125 against Defendant Ignision was dismissed. Accordingly, no response is required as to Paragraph 201.

**FOURTEENTH CAUSE OF ACTION**

**(False Advertising in Violation of Cal. Bus. & Prof. Code §17500 Against Defendant Ignision)**

202. Defendants repeat and incorporate here its responses to Paragraphs 1 through 201

of this Answer.

203. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Fourteenth Cause of Action re False Advertising in Violation of Cal. Bus. & Pro. Code §17500 against Defendant Ignision was dismissed. Accordingly, no response is required as to Paragraph 203.

204. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Fourteenth Cause of Action re False Advertising in Violation of Cal. Bus. & Pro. Code §17500 against Defendant Ignision was dismissed. Accordingly, no response is required as to Paragraph 204.

205. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Fourteenth Cause of Action re False Advertising in Violation of Cal. Bus. & Pro. Code §17500 against Defendant Ignision was dismissed. Accordingly, no response is required as to Paragraph 205.

206. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Fourteenth Cause of Action re False Advertising in Violation of Cal. Bus. & Pro. Code §17500 against Defendant Ignision was dismissed. Accordingly, no response is required as to Paragraph 206.

207. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Fourteenth Cause of Action re False Advertising in Violation of Cal. Bus. & Pro. Code §17500 against Defendant Ignision was dismissed. Accordingly, no response is required as to Paragraph 207.

208. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Fourteenth Cause of Action re False Advertising in Violation of Cal. Bus. & Pro. Code §17500 against Defendant Ignision was dismissed. Accordingly, no response is required as to Paragraph 208.

209. Pursuant to this Court's Order of December 19, 2024, Dkt. 77, the Fourteenth Cause of Action re False Advertising in Violation of Cal. Bus. & Pro. Code §17500 against Defendant Ignision was dismissed. Accordingly, no response is required as to Paragraph 209.

**FIFTEENTH CAUSE OF ACTION**

**(Unfair Competition Against Defendants You, Qu, Li, Ignision)**

210. Defendants repeat and incorporate here its responses to Paragraphs 1 through 209 of this Answer.

211. Defendants deny the allegations of Paragraph 211.

212. Defendants deny the allegations of Paragraph 212.

213. Defendants deny the allegations of Paragraph 213.

214. Defendants deny the allegations of Paragraph 214.

## PRAYER FOR RELIEF

Defendants deny that 7EDU has any valid claim and deny that 7EDU is entitled to any of the relief requested in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

Without conceding that they bear the burden of proof or persuasion as to any of the issues raised in these defenses (whether denominated as affirmative defenses or otherwise), as separate and distinct affirmative defenses to 7EDU's Complaint, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

7EDU's FAC, in whole or in part, fails to state a claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Equitable Defenses)

7EDU's FAC, in whole or in part, is barred by the doctrines of unclean hands, acquiescence, equitable estoppel, unfair competition, and/or other equitable remedies.

### THIRD AFFIRMATIVE DEFENSE

### (No Injunctive Relief)

7EDU's prayer for injunctive relief is improper as there is no likelihood of future injury to 7EDU and there exists an adequate remedy at law, if 7EDU is entitled to any remedy, to address the causes of action set forth in the FAC

### FOURTH AFFIRMATIVE DEFENSE

### (No Damages)

7EDU's FAC, in whole or in part, is barred because 7EDU has suffered no injury or damages.

**FIFTH AFFIRMATIVE DEFENSE**

**(Contractual Provision Is Unenforceable)**

7EDU's FAC, in whole or in part, is barred because it seeks to enforce purported contract provisions that are against public policy and are therefore void and unenforceable, including under Cal. Bus. & Prof. Code § 16600 et seq. and § 17200 et seq.

**SIXTH AFFIRMATIVE DEFENSE**

**(Bad Faith)**

7EDU's FAC, in whole or in part, is barred because it was brought and maintained in bad faith and for anticompetitive purposes.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Inevitable Disclosure)**

7EDU's FAC, in whole or in part, is barred because it relies on a theory of inevitable disclosure of trade secrets, which has been soundly rejected by courts in California and is sanctionable. See *Whyte v. Schlage Lock Co.*, 101 Cal. App. 4th 1443, 1464 (2002) (rejecting the inevitable disclosure theory as inconsistent with Business and Professions Code section 16600 and noting that "the inevitable disclosure doctrine cannot be used as a substitute for proving actual or threatened misappropriation of trade secrets."); see also *Bayer Corp. v. Roche Molecular Sys., Inc.*, 72 F. Supp. 2d 1111, 1120 (N.D. Cal. 1999) ("California trade-secrets law does not recognize the theory of inevitable disclosure; indeed, such a rule would run counter to the strong public policy in California favoring employee mobility.").

**EIGHTH AFFIRMATIVE DEFENSE**

**(Assumption of the Risk)**

7EDU's FAC, in whole or in part, is barred because 7EDU voluntarily and with knowledge assumed the risk of all damages of which 7EDU complains.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

7EDU failed to take reasonable efforts or make reasonable expenditures to mitigate and/or avoid the damages of which 7EDU complains.

**TENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

Defendants have not committed the wrongs alleged in the FAC. Thus, 7EDU is barred from recovery, in whole or in part, to the extent that recovery by 7EDU would constitute unjust enrichment and a windfall to 7EDU.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Proximate Cause)**

7EDU's FAC, in whole or in part, is barred because Defendants were not the cause in fact or proximate cause of any injury alleged by 7EDU.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

7EDU is barred from recovery, in whole or in part, because the actions taken by Defendants, if any, with respect to 7EDU were based on an honest, reasonable, and good faith belief in the facts as known and understood at the time.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Attorneys' Fees)**

7EDU fails to state facts and/or allege a claim on which attorneys' fees may be awarded.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Punitive Damages Unconstitutional or Not Permitted by Statute)**

Under the circumstances of this case, any award of punitive damages would violate the United States Constitution and/or the California Constitution. In any event, 7EDU cannot demonstrate by clear and convincing evidence that Defendants acted with oppression, fraud, or malice.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Fair Competition)**

Defendants' actions of which 7EDU now complains were, in fact, exercises of fair competition by Defendants. For that reason, among others, Defendants have no liability to 7EDU, and this Court should abstain from granting any relief to 7EDU.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Trade Secrets / No Confidential or Proprietary Information / No Misappropriation)**

7EDU cannot demonstrate that any of 7EDU's allegedly trade secret and/or confidential and proprietary information noted in the FAC is a trade secret that derives economic value from not being generally known, nor is a legitimate business interest, nor that all reasonably necessary steps were taken to ensure that the secrecy of this supposedly confidential information was maintained. In any event, Defendants did not misappropriate anything or aid and abet in the misappropriation of anything.

**RESERVATION OF RIGHTS**

Defendants reserve the right to assert additional defenses, including based on additional information learned or obtained during discovery.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for relief as follows:

1. That the FAC be dismissed with prejudice and that 7EDU take nothing thereby;

2. That judgment be entered in favor of Defendants and against 7EDU;

3. For an award of attorney's fees and costs, as allowed by law; and

4. For such other and further relief as the Court may deem proper.

///

**DEMAND FOR JURY TRIAL**

Defendants hereby demand trial by jury for all causes of action, claims, or issues in this action that are triable as a matter of right to a jury.

Dated: January 23, 2025

Respectfully submitted,

By: /s/ Michael N. Cohen
MICHAEL N. COHEN
COHEN IP LAW GROUP, PC
Attorneys for Defendants Ignision Education Silicon Valley, Ya You, Aimee Qu, and Yayi Li

By: /s/ Perry R. Clark
PERRY R. CLARK
LAW OFFICES OF PERRY R. CLARK
Attorneys for Defendants Ignision Education Silicon Valley, Ya You, Aimee Qu, and Yayi Li

## CERTIFICATE OF SERVICE

I hereby certify that on the below date, I electronically mailed the foregoing document, which will serve electronic notice of the same on the following:

David C. Yang
dyang@hycounsel.com
Kevin A Goldman
kgoldman@hycounsel.com
Matthew James Hawkinson
mhawkinson@hycounsel.com
Sharlene Lee
slee@hycounsel.com
Elena DiMuzio
edimuzio@hycounsel.com
HAWKINSON YANG LLP
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
T: (904) 598-6110

Dated: January 23, 2025

*/s/ Michael N. Cohen*______
Michael N. Cohen